IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WINDY G. SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13cv719-SRW |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff Windy G. Sanders brings this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). (Doc. ## 9, 10). Upon review of the record, the court concludes that the Commissioner's decision is due to be reversed.

**Procedural History**

Plaintiff filed the present applications on September 13, 2010. (R. 151-58). At the initial administrative level, Maxine Laffitte – a Single Decisionmaker ("SDM") – completed a "Physical Residual Functional Capacity Assessment" form expressing her opinion regarding plaintiff's functional limitations. (R. 78-85). Lafitte concluded that, although plaintiff's condition precluded work at that time, it should improve sufficiently to permit

plaintiff to work within twelve months of her alleged onset date and, therefore, that the duration of plaintiff's disability was not sufficient to qualify for benefits. (R. 99-100). She denied plaintiff's claims on November 16, 2010 (R. 86, 87, 89-100).

Plaintiff requested a hearing before an Administrative Law Judge. (R. 8). On March 20, 2012, ALJ Maria Kusznir issued decision denying plaintiff's claims. (R. 12-38). She determined that plaintiff has "severe" impairments of "complete right knee replacement" and obesity. (R. 17). ALJ Kusznir found that plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of" any impairment within the Commissioner's "listings" including, specifically, Listing 1.02A (R. 18), and that plaintiff's residual functional capacity does not preclude the performance of her past relevant work "as a security guard with a sit stand option" as "actually and generally performed" (R. 32-33) or other work that exists in significant numbers in the national economy (R. 33-34). Plaintiff sought review of the ALJ's decision by the Appeals Council which, on August 2, 2013, denied plaintiff's request for review. (R. 1-5). Plaintiff commenced the present action thereafter. (Doc. # 1).

**Standard of Review**

The court's review of the Commissioner's decision is narrowly circumscribed. The court does not reweigh the evidence or substitute its judgment for that of the Commissioner. Rather, the court examines the administrative decision and scrutinizes the record as a whole to determine whether substantial evidence supports the ALJ's factual findings. Davis v.

Shalala, 985 F.2d 528, 531 (11th Cir. 1993); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Substantial evidence consists of such "relevant evidence as a reasonable person would accept as adequate to support a conclusion." Cornelius, 936 F.2d at 1145. Factual findings that are supported by substantial evidence must be upheld by the court.  The ALJ's legal conclusions, however, are reviewed *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied.  Davis, 985 F.2d at 531.  If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed.  Cornelius, 936 F.2d at 1145-46.

## Discussion

In this appeal, plaintiff contends that the Commissioner's determination that her impairments do not meet or medically equal the severity of Listing 1.02(A)[1] was not "issued in accordance with applicable law" and is not supported by substantial evidence. (Plaintiff's brief, Doc. # 12).  As to the ALJ's alleged failure to comply with applicable law, plaintiff argues – as she did before the Appeals Council (see R. 235) – that the ALJ erred by reaching her step-three finding without obtaining and considering the opinion of a medical expert on the issue of medical equivalence to Listing 1.02A. (Doc. # 12, pp. 4-6). Plaintiff acknowledges that "the ultimate responsibility for determining medical equivalence rests with the Administrative Law Judge." (Id., p. 5).  However, she notes that the Commissioner's

---

[1] 20 C.F.R. Part 404, Subpt. P, App. 1, ¶ 1.02(A).

regulations require this determination to be reached "with due consideration given to the opinion of one or more physicians or psychologists designated by the Commissioner of Social Security." (Id.)(citing 20 C.F.R. §404.1526(c)). Plaintiff argues that the administrative record includes no opinion from a physician "concerning the issue of whether the plaintiff's combination of severe impairments are medically the equivalent to any of the 'Listings' found in the 'Listing of Impairments[.]'" (Id., p. 6; see also id., p. 8).

The court agrees that an ALJ's finding regarding medical equivalence must be supported by an opinion as to medical equivalence from a physician (or psychologist) designated by the Commissioner. 20 C.F.R. §§ 404.1526(c), 416.926(c)); SSR 96-6p; Barnett v. Barnhart, 381 F.3d 664, 670 (7th Cir. 2004)("Whether a claimant's impairment equals a listing is a medical judgment, and an ALJ must consider an expert's opinion on the issue."); cf. Wilkinson o/b/o Wilkinson v. Bowen, 847 F.2d 660 (11th Cir. 1987)(finding no error in an ALJ's reliance on the opinion of a non-examining physician; observing that "[w]hen deciding medical equivalence, the Secretary must consider the medical opinion of one or more designated physicians on an advisory basis."). Section 404.1526 of the Commissioner's regulations, cited by the plaintiff (id., p. 5), defines medical equivalence and specifies how the Commissioner reaches her finding on that issue. 20 C.F.R. § 404.1526; see also id., § 416.926 (the corresponding provision as to Title XVI claims). The regulation defines medical equivalence to mean that the claimant's "impairment(s) ... is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. §§ 1526(a),

416.926(a). A finding as to medical equivalence requires a determination of whether the claimant has findings related to the claimant's impairment or combination of impairments that are "at least of **equal medical significance**" to those required to meet a listing. 20 C.F.R. §§ 1526(b), 416.926(b) (emphasis added). The particular subsection cited by the plaintiff states:

> (c) *What evidence do we consider when we determine if your impairment(s) medically equals a listing?* When we determine if your impairment medically equals a listing, we consider all evidence in your case record about your impairment(s) and its effects on you that is relevant to this finding. We do not consider your vocational factors of age, education, and work experience (see, for example, § 404.1560(c)(1)). **We also consider the opinion given by one or more medical or psychological consultants designated by the Commissioner**. (See § 404.1616).

20 C.F.R. § 404.1526(c)(italics in original; emphasis in bold type added).[2]

Social Security Ruling 96-6p sets forth the Commissioner's policy that "appl[ies] at the administrative law judge and Appeals Council levels to opinions about equivalence to a listing in the Listing of Impairments and RFC assessments, issues that are reserved to the Commissioner[.]" SSR 96-6p, 1996 WL 374180, *3 (Jul. 2, 1996). As to medical equivalence, the Ruling provides:

> *Medical Equivalence to an Impairment in the Listing of Impairments.*
>
> The administrative law judge or Appeals Council is responsible for deciding the ultimate legal question whether a listing is met or equaled. As trier of the facts, an

---

[2] The regulation provides that a designated medical or psychological consultant is an "acceptable medical source" who is "employed or engaged" by the Social Security Administration or by the state disability determination agency to make medical judgments. 20 C.F.R. § 404.1526(d); see also id., § 416.926(d).

administrative law judge or the Appeals Council is not bound by a finding by a State agency medical or psychological consultant or other program physician or psychologist as to whether an individual's impairment(s) is equivalent in severity to any impairment in the Listing of Impairments. **However, longstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight**.

The signature of a State agency medical or psychological consultant on an SSA-831-U5 (Disability Determination and Transmittal Form) or SSA-832-U5 or SSA-833-U5 (Cessation or Continuance of Disability or Blindness) ensures that consideration by a physician (or psychologist) designated by the Commissioner has been given to the question of medical equivalence at the initial and reconsideration levels of administrative review. Other documents, including the Psychiatric Review Technique Form and various other documents on which medical and psychological consultants may record their findings, may also ensure that this opinion has been obtained at the first two levels of administrative review.

When an administrative law judge or the Appeals Council finds that an individual s impairment(s) is not equivalent in severity to any listing, the requirement to receive expert opinion evidence into the record may be satisfied by any of the foregoing documents signed by a State agency medical or psychological consultant. However, an administrative law judge and the Appeals Council must obtain an updated medical opinion from a medical expert in the following circumstances:

* When no additional medical evidence is received, but in the opinion of the administrative law judge or the Appeals Council the symptoms, signs, and laboratory findings reported in the case record suggest that a judgment of equivalence may be reasonable; or

* When additional medical evidence is received that in the opinion of the administrative law judge or the Appeals Council may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments.

When an updated medical judgment as to medical equivalence is required at the administrative law judge level in either of the circumstances above, the

> administrative law judge must call on a medical expert. When an updated medical judgment as to medical equivalence is required at the Appeals Council level in either of the circumstances above, the Appeals Council must call on the services of its medical support staff.

Id. at **3-4 (emphases added; footnote omitted).  "[I]t is evident that SSR 96-6p does two different things; it requires record evidence in the form of an expert opinion as the basis for a determination of equivalence in the first instance, and then it identifies two circumstances under which those medical opinions must be updated."  Stratton v. Astrue, 987 F.Supp.2d 135, 147 (D.N.H. 2012).

Plaintiff's contention that the ALJ's decision was not "in accordance with applicable law" overlaps significantly with her argument that it is not supported by substantial evidence, and the Commissioner devotes her responsive brief almost entirely to the latter issue.  (See Doc. # 15, pp. 2-9).  To counter plaintiff's contention that the ALJ failed to comply with applicable law, the Commissioner offers only an explanation that the ALJ was not obligated to obtain "an *updated* medical opinion from a medical expert" because the circumstances confronting the ALJ are not among the two identified in Social Security Ruling 96-6p as requiring such an "updated" medical expert opinion.  (Id., pp. 9-10)(emphasis added).  However, plaintiff contends that the record on which the ALJ based her determination as to Listing 1.02(A) includes no medical expert opinion as to medical equivalence, not that the ALJ failed in any obligation to "update" such medical opinion evidence.  (See Plaintiff's brief, Doc. # 12, pp. 5-6).

The Commissioner does not argue expressly that any particular opinion of record

satisfies the requirement of SSR 96-6p that "the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge ... be received into the record as expert opinion evidence and given appropriate weight" (SSR 96-9p, 1996 WL 374180 at *3).  The court has considered whether the opinion expressed by Dr. Robert Estock, M.D., in the Psychiatric Review Technique form he completed on 4/14/2009 in connection with plaintiff's previous claim (R. 255-268) is sufficient to satisfy the requirement for purposes of the ALJ's finding as to Listing 1.02(A). While Dr. Estock's opinion is arguably sufficient as to those listings that relate to mental impairments, it cannot be understood to offer any opinion at all – even implicitly – regarding medical equivalence as to any of the Commissioner's listings relating to physical impairments, including Listing 1.02(A).[3]  As noted, the Commissioner does not argue to the contrary.

The record further includes a physical RFC assessment form completed on April 14, 2009 by SDM Louis Harris, also in connection with plaintiff's previous claim.  The form bears the notation, "CASE RATED BY DR ROBERT HAAS, MD 4/14/2009[.]"  (Exhibit B1A, R. 65-72 at R. 72).  However, the SDM's physical RFC form includes no reference to

---

[3] With regard to her present claims, plaintiff told Laffitte that "she has never had any mental health [treatment] and does not feel that she need[s] any.  She stated that she does not have a mental condition but it's her physical condition that keeps her from being able to work." (R. 209)(11/02/2010 Report of Contact)(original all in capital letters). As to the initial disability determination in plaintiff's earlier claim, there is no indication in the record that Dr. Estock measured plaintiff's physical impairments against the listings; the fact that SDM Harris consulted with Dr. Haas as to the physical RFC (see discussion, *infra*) suggests that Dr. Estock evaluated the case file only for purposes of assessing plaintiff's mental impairments.

8

or assessment of medical equivalence, and the notation by SDM Harris indicating that a physician "rated" the case – without more – does not equate to expert opinion evidence from Dr. Haas on the issue of medical equivalence. Even if the notation were construed as such, it does not relate to plaintiff's condition during the period under consideration in the decision now before the court. In the current applications, filed in September 2010, plaintiff's alleged onset date of February 2010 coincides with a fall in which plaintiff, as a result of a preexisting injury to her right knee, sustained further injury; she fractured her patella, requiring reconstructive right knee surgery on March 25, 2010. (See Exhibit B5F, R. 293-304). The SDM's April 2009 notation regarding Dr. Haas cannot reasonably be understood to express an opinion by Dr. Haas regarding medical equivalence even on the medical evidence that was before SDM Laffitte when she denied plaintiff's claims at the initial administrative level on November 16, 2010, nineteen months thereafter; neither does it reflect Dr. Haas's judgment "on the issue of equivalence **on the evidence before the administrative law judge**" (SSR 96-9p, 1996 WL 374180 at \*3)(emphasis added), which further included medical records relating to plaintiff's fourth right knee surgery, a total knee replacement performed in June 2011 (see Exhibit B7F; R. 22 (ALJ's summary of the evidence)). Again, the Commissioner does not argue otherwise.[4] The court concludes that neither Dr. Estock's April 2009 PRTF nor the case rating in April 2009 by Dr. Haas, as

---

[4] The ALJ does not mention the notation by SDM Harris about Dr. Haas's case rating in her step three analysis or elsewhere in her decision. Thus, it does not appear that the ALJ treated the SDM's notation as reflecting medical expert opinion regarding medical equivalence as to the claims pending before the ALJ. (R. 15-34).

indicated by SDM Harris's notation, satisfy the requirement of sections 404.1526(c) and 416.926(c) of the Commissioner's regulations and SSR 96-6p for medical expert opinion on the issue of medical equivalence as to the listings relating to physical impairments, including Listing 1.02(A).[5]  The disability transmittal forms completed upon the initial denial of the claims at issue in the present appeal are signed only by SDM Laffitte, not by a physician. (See R. 86, 87).

The court also has considered whether Alabama's status as a test jurisdiction for the "single decisionmaker" model of disability determination the initial administrative level abrogates the Commissioner's requirement that the ALJ consider medical expert opinion on the issue of medical equivalence, see 20 C.F.R. §§ 404.906(b)(2); 416.1406(b)(2); 78 Fed. Reg. 45010-03 (Jul. 25, 2013); 64 Fed. Reg. 47218-01 (Aug. 30, 1999), and concludes that it does not.  See Guyaux v. Commissioner of Soc. Sec., 2014 WL 4197353, *18 (E.D. Mich. Aug. 22, 2014)("Nothing about the SDM model changes the ALJ's obligations in the equivalency analysis."); Lindsey v. Commissioner of Soc. Sec., 2013 WL 6095545 (E.D.Mich. Nov. 20, 2013);  Stratton v. Astrue, 987 F.Supp.2d 135, 149-52 (D.N.H. 2012); but see Oakes v. Barnhart, 400 F.Supp.2d 766 (E.D.Pa. 2005)(concluding that the SSA's

---

[5] To hold otherwise would reduce the Commissioner's requirement for medical opinion evidence to a mere procedural technicality, instead of a substantive requirement imposed upon a reasoned decision by the Commissioner that a finding on medical equivalence – i.e., regarding whether a claimant has findings related to his or her impairment or combination of impairments that are "at least of equal medical significance" to those required to meet a listing (see 20 C.F.R. §§ 404.1526(b), 416.926(b)) – is of a nature to require that the ALJ consider the judgment of an acceptable medical source on the issue.

testing modifications, including implementation of the single decisionmaker model "altered the longstanding policy that an ALJ is required to seek a medical opinion on the issue of equivalence").[6]

Thus, the ALJ erred by reaching her finding as to medical equivalence to the listings pertaining to physical impairments, including Listing 1.02A, without considering the opinion of a medical consultant designated by the Commissioner regarding whether plaintiff's combination of impairments was medically equal to the criteria of any listed physical impairment. The Commissioner argues that the ALJ reasonably determined that plaintiff's condition does not meet or equal Listing 1.02A because – assuming that plaintiff satisfies the criteria of the introductory paragraph of the listing – "she has not shown an inability to walk without the use of a hand-held assistive device that limits the functioning of **both** upper extremities (*i.e.*, a walker), as required to meet the Listing" as, "[i]nstead, the evidence clearly shows that Plaintiff uses only one cane[,]" and, "even if Plaintiff was unable to ambulate effectively, there was no evidence that it lasted for 12 continuous months as required by the listing." (Commissioner's brief, p. 7; id., pp. 7-9). Having determined that the expert opinion evidence regarding medical equivalence that the ALJ must consider – according to the Commissioner's own regulations and policy – is absent from the record, the court declines to weigh the evidence presently of record to determine whether it provides

---

[6] In Stratton, the court observed that "Judge O'Neill's decision in Oakes ... seems to stand alone. Several subsequent decisions from other courts, while not citing Oakes, have held that opinions such as the one rendered by [the SDM] in this case do not satisfy the expert-opinion-evidence requirement stated in SSR 96-6p." 987 F.Supp.2d at 150.

substantial evidentiary support for the ALJ's step-three equivalence finding.[7]

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is due to be REVERSED and this action REMANDED to the Commissioner for further proceedings. A separate judgment will be entered.

DONE, this 5th day of September, 2014.

---

[7] The court expresses no opinion regarding whether plaintiff should prevail, on remand, as to her contention of medical equivalence. It notes, however, that two appellate courts have rejected the Commissioner's contention that a claimant who uses only a single cane cannot establish an inability to ambulate effectively. See Moss v. Astrue, 555 F.3d 556, 563-63 (7th Cir. 2009) (concluding that the ALJ had "failed to adequately consider whether Moss [who "use[d] just one cane"] in fact meets the listing based on the provided examples such as an inability to walk a block at a reasonable pace on rough or uneven surfaces[.]"); Dobson v. Astrue, 267 F. App'x 610, 612 (9th Cir. Feb. 20, 2008)(reversing Commissioner's decision in which the ALJ had focused on the claimant's need to use an assistive device and whether its use limited the functioning of both upper extremities; the court observed that the listing's definition of "inability to ambulate effectively" is illustrated with examples that "include not only 'the inability to walk without the use of a walker, two crutches or two canes,' but also 'the inability to walk a block at a reasonable pace on rough or uneven surfaces ...'")(citing ¶ 1.00B(2)(b)(2)); id. at n. 4 (quoting the Commissioner's explanation of the requirement at 66 Fed. Reg. 58010, 58027 (Nov. 19, 2001) that "'[I]f someone who uses one cane or crutch is otherwise unable to effectively ambulate, the impairment(s) might still meet or equal a listing.'"); see also Corchado v. Astrue, 2013 WL 324022, **6-7 (D.N.H. Jan. 29, 2013) (relying on Dobson, Moss, and "the Commissioner's commentary on effective ambulation in the Federal Register" in rejecting the Commissioner's "post hoc justification for the ALJ's step three finding" – i.e. that "[s]ince the claimant used only a single cane ... the ALJ's step three determination ... is nonetheless supported by substantial evidence in the record")(citations omitted). Additionally, the Commissioner's representation that "there was no evidence that [plaintiff's inability to ambulate effectively] lasted for 12 continuous months" (Commissioner's brief at p. 7 (emphasis added)) is incorrect. In the medical source statement he signed in September 2011, Dr. Johnson expressed his opinion that plaintiff's limitations include an inability to "walk a block at a reasonable pace on rough or uneven surfaces[,]" and also indicated that the limitations he assessed were first present in 2007. (R. 311). The ALJ notes both of these statements of opinion by Dr. Johnson (see R. 28-29) and gives "substantial weight" to Dr. Johnson's assessment; she neither rejects the particular limitation identified above nor analyzes its duration. The court cannot conclude, on the present record, that the ALJ's failure to obtain the opinion of a medical expert regarding medical equivalence was harmless.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE